UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MONTUE,<br><br>                Plaintiff,<br><br>    v.<br><br>NATIONAL CITY POLICE DEPARTMENT, et al.,<br><br>                Defendants. | No. 2:22–cv–511–TLN–KJN PS<br><br>ORDER TO SHOW CAUSE<br>RE: TRANSFER TO SOUTHERN DISTRICT OF CALIFORNIA |

       Plaintiff John Montue, who is proceeding without counsel in this action, alleges multiple claims against the City of San Diego and three Doe Defendant law enforcement officers of National City.[1] Plaintiff alleges the officers used excessive force against him in an encounter in National City. (ECF No. 3.)

       Title 28 U.S.C. Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The purpose of Section 1404 is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616

---

[1] This case was referred to the undersigned by Local Rule 302(c)(21). The amended complaint filed on March 23, 2022 is the operative pleading. See Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within 21 days after serving it."); Local Rule 220 (an amended complaint must be complete in itself without reference to any prior pleading).

1

(1964). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. RICOH Corp., 487 U.S. 22, 29 (1988).  Because an order transferring venue does not address the merits of the case, it is a non-dispositive matter within the province of a magistrate judge's authority.  See Pavao v. Unifund CCR Partners, 934 F.Supp.2d 1238, 1241 fn.1 (S.D. Cal. 2013) (collecting cases).

In deciding whether to transfer a case under Section 1404, courts may consider (among other things):  (1) the location where the relevant events took place; (2) the plaintiff's choice of forum; (3) the respective parties' contacts with each forum; (4) each forum's contacts with the plaintiff's cause of action; (5) the differences in the costs of litigation in the two forums; (6) the ability of each court to compel attendance of unwilling non-party witnesses; (7) the ease of access to sources of proof; (8) convenience of the parties; (9) convenience of the witnesses; (10) local interest in the controversy; (11) court congestion of the two forums; and (12) the feasibility of consolidating other claims.  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Hawkins v. Gerber Prods. Co., 924 F.Supp.2d 1208, 1213 (S.D. Cal. 2013); Barnes & Noble, Inc. v. LSI Corp., 823 F.Supp.2d 980, 994 (N.D. Cal. 2011); Metz v. U.S. Life Ins. Co., 674 F.Supp.2d 1141, 1145-46 (C.D. Cal. 2009).

Given the allegations in the complaint, it appears that this case should be transferred to the Southern District of California for all further proceedings.  The court now orders plaintiff file a statement indicating whether he agrees with the court's assessment.  If plaintiff opposes transfer, he shall address the 12 factors above in making his arguments.

**ORDER**

Accordingly, it is HEREBY ORDERED that, within 21 days of this order, plaintiff show cause why this case should not be transferred to the Southern District of California.

Dated:  March 28, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mont.511

2