UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MONTUE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>    Defendants. | No. 2:22–cv–511–TLN–KJN PS<br><br>ORDER TRANSFERRING CASE |

Plaintiff John Montue, who is proceeding without counsel in this action, alleges multiple civil rights violations against unnamed National City Police Officers and the City of San Diego.[1] (ECF Nos. 1, 3.) Plaintiff requested leave to proceed without prepayment of the filing fee. (ECF Nos. 2, 4.) The undersigned noted that the allegations in the complaint center around an encounter taking place in the Southern District of California, and so ordered plaintiff to show cause why this case should not be transferred. (ECF No. 5.) Plaintiff did not respond.

For the reasons that follow, the court transfers this case to the Southern District of California.

---

[1] This case was referred to the undersigned pursuant to Local Rule 302(c)(21). Because an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a non-dispositive matter that is within the province of a magistrate judge's authority. See Pavao v. Unifund CCR Partners, 934 F.Supp.2d 1238, 1241 fn.1 (S.D. Cal. 2013) (collecting cases and citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72).

1

**Background**[2]

Plaintiff alleges that in a recent encounter with five unnamed National City Police Officers, he was bitten by a K-9 and punched in his head by officers while waiting to be transported by an ambulance. Plaintiff alleges the attack was unprovoked, and all charges were dismissed in 2022. (See ECF No. 3.)

**Legal Standard**

Title 28 U.S.C. Section 1404(a) provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). This statute partially displaces the common law doctrine of forum non conveniens. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The purpose of Section 1404 is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. RICOH Corp., 487 U.S. 22, 29 (1988).

In order to transfer a case under Section 1404(a), the "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker, 805 F.2d at 843. In deciding whether to transfer under Section 1404, courts may consider: (1) the location where the relevant events took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the forum's contacts with the plaintiff's cause of action; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party

---

[2] The facts herein are from the complaint (ECF No. 1), which are construed in the light most favorable to plaintiff (the non-moving party). Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, though the court repeats some of plaintiff's conclusory statements from the complaint, these assertions are ultimately not relied upon. Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009) (In deciding a Rule 12 motion, the court need not rely on "legal conclusions merely because they are cast in the form of factual allegations.").

witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; (10) the relevant public policy of the forum state, if any; (11) convenience of the parties; (12) convenience of the witnesses; (13) local interest in the controversy; (14) court congestion of the two forums; and (15) feasibility of consolidating other claims.  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Hawkins v. Gerber Prods. Co., 924 F.Supp.2d 1208, 1213 (S.D. Cal. 2013); Barnes & Noble, Inc. v. LSI Corp., 823 F.Supp.2d 980, 994 (N.D. Cal. 2011); Metz v. United States Life Ins. Co., 674 F.Supp.2d 1141, 1145-46 (C.D. Cal. 2009).

**Analysis**

The court first examines subject matter jurisdiction and venue to determine whether this case could have been brought in the Southern District of California.  28 U.S.C. § 1404(a).  Subject matter jurisdiction would be proper in the Southern District for the same reasons as exist in this district.  Plaintiff lists civil rights claims under 42 U.S.C. Section 1983 and the Americans With Disabilities Act, and so federal question jurisdiction lies.  28 U.S.C. § 1331.  As to the propriety of venue in the Southern District, the question is whether "a substantial part of the events or omissions giving rise to the claim occurred in that district."  See Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001).  As alleged, it is clear that all of the events surrounding plaintiff's claims took place in the Southern District.  (ECF No. 3.)

Because the Southern District could exercise jurisdiction and venue is proper there, the court now turns to an analysis of whether transfer to the Southern District is appropriate under 28 U.S.C. Section 1404(a).

   A. Factors that favor transfer.

An examination of the pleadings indicates a majority of the factors favor transfer to the Southern District.  This includes: (1) the location of the events in question; (4) the parties' contacts with the Southern District; (5) the Southern District's contacts with plaintiff's claims; (7) the location of any non-party witnesses; (8) the Southern District's ease of access to sources of proof; (12) convenience of the witnesses; (13) and the local interest in the controversy.

Accepting the facts as true for purposes of transfer, it is clear that all of the relevant events surrounding plaintiff's claims took place in the Southern District, as defendants appear to work

1  there and plaintiff's presence in National City suggests some connection to the Southern District.
2  (See ECF No. 3.)  Additionally, it appears that many potential witnesses—the EMTs and other
3  laypersons who observed the event in question—appear to be tied to the Southern District.  (See
4  ECF No. 13 at 8.)  See Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141,
5  1147 (C.D. Cal. 2009) ("The convenience of non-party witnesses is a more important factor than
6  the convenience of party witnesses.").

7  Further, while it is likely that most of the documentary evidence is in electronic form
8  which can easily be "transported" and printed without great difficulty; however, any physical
9  records would likely be maintained within the National City Police Department and unnamed San
10  Diego hospital.  See Roe v. Intellicorp Records, Inc., 2012 WL 3727323, at *3 (N.D. Cal. Aug.
11  27, 2012) (documents pertaining to defendants' business practices are most likely to be found at
12  their principal place of business); see also Critters of the Cinema, Inc. v. Nestle Purina Petcare
13  Co., 2016 WL 2990619, at *7 (E.D. Cal. May 24, 2016).  Finally, as this encounter involves
14  National City Police Officers, the Southern District has a significant local interest.  See Boeing
15  Co., 2010 WL 2557582, at *3 ("There is a localized interest in having localized controversies
16  decided at home.") (citations omitted).

17  Simply, there appears to be little evidentiary connection to the Eastern District, aside from
18  plaintiff's presence.  Thus, factors (1), (4), (5), (7), (8), (12), and (13) weigh in favor of transfer.

19  B. Factors that support denial of transfer.

20  The only factor that supports denial of transfer appears to be the third: plaintiff's choice of
21  forum.  Generally, a plaintiff's choice of forum is given substantial weight.  See Lou v. Belzberg,
22  834 F.2d 730, 739 (9th Cir. 1987).  However, other considerations may lessen the weight to be
23  given a plaintiff's choice.  See Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1094
24  (N.D. Cal. 2013).  "If the operative facts have not occurred within the forum and the forum has no
25  interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal
26  consideration."  Lou, 834 F.2d at 739; Park, 964 F.Supp.2d at 1094; see also Critters, 2016 WL
27  2990619, at *5 (giving less weight to plaintiff's chosen forum if plaintiff does not reside there).

28  Here, all of the events alleged in connection with plaintiff's claims took place in San

4

Diego. (ECF No. 3.) As this is a purely local San Diego controversy, the Eastern District has little to no interest in the subject matter. Therefore, because it is clear there is very little connecting this case to the Eastern District, this factor is substantially diminished. See Park, 964 F.Supp.2d at 1094; Critters, 2016 WL 2990619, at *5-6; see also Williams v. Bowman, 157 F.Supp.2d 1103, 1107 (N.D. Cal. 2001).

### C. Factors having no bearing on transfer.

The remaining factors—(2), (6), (9), (10), (11), (14), and (15)—are neutral. Both districts are located in California and heavily congested[3], so all state-oriented factors are neutral. In addition, the court is not aware of any consolidation issues. Finally, the court treats as neutral the convenience of the parties. The only party with any connection to the Eastern District is plaintiff, who maintains a P.O. Box in this district. However, all other parties appear to be located in San Diego, and plaintiff did not file opposition to transfer.

### **Conclusion**

The court finds a "strong showing" in favor of transfer. Decker, 805 F.2d at 843. Factors (1), (4), (5), (7), (8), (12), and (13) weigh in favor of transfer. The court is acutely aware of plaintiff's pro se status and choice of forum. However, without more tying his cause of action to the Eastern District, the undersigned cannot say that the administration of justice requires the case remain here. Thus, factor (3) minimally supports a denial of transfer. The remaining factors ((2), (4), (6), (9), (10) , (11), (14), and (15)) are neutral. Thus, on balance, the factors heavily support transfer, and so this case will be transferred to the Southern District of California.

Plaintiff filed two motions to proceed in forma pauperis, which would normally trigger the court's duty to screen the complaint pursuant to 28 U.S.C. Section 1915. (ECF Nos. 2, 4.) The court expresses no opinion on the merits of these motions or plaintiff's complaint, leaving them for the assigned judge in the Southern District to consider. See Sam Kholi Enterprises, Inc. v. Comsys Services LLC, 2011 WL 13257533, at *10 (S.D. Cal. October 3, 2011) ("Once the case

---

[3] See Federal Court Management Statistics, Comparison Within Circuit During the 12-Month Period Ending September 30, 2020, Ninth Circuit, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0930.2020.pdf

5

has been transferred, the parties should contact the assigned chambers in the [transferee district] for further direction regarding resolution of [the] pending motions to dismiss . . . .").

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1404(a), this matter is TRANSFERRED forthwith to the Southern District of California; and

2. The pending motions (ECF Nos. 2, 4) are ADMINISTRATIVELY TRANSFERRED along with this case.

Dated: April 26, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mont.511